NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAKSIM GOPAK,

    *Petitioner*,

v.

ERIC ROKOSKY

    *Respondent*.

Civil Action No. 2: 25-cv-18592

**MEMORANDUM OPINION AND ORDER**

February 18, 2026

**SEMPER**, District Judge.

    **THIS MATTER** comes before the Court on Maksim Gopak's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) and Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5) seeking to enjoin his removal from the United States. Petitioner seeks to prevent execution of a final order of removal based primarily on asserted family hardship and derivative asylum considerations. For the reasons set forth below, the Petition for Writ of Habeas Corpus and Emergency Motion for Temporary Restraining Order is denied.

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

    On December 16, 2025, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 2.) The Petition challenges Petitioner's detention and removal-related consequences and is supported by documentary exhibits, including an order of removal, family documentation, and medical records. (ECF No. 3.)

On February 16, 2026, Petitioner filed the present Emergency Motion for Temporary Restraining Order and Preliminary Injunction ("TRO"). (ECF No. 5.) Petitioner asserts that removal is imminent and would cause irreparable harm to his spouse, who is undergoing cancer treatment, and his minor child, and would allegedly interfere with potential derivative asylum eligibility. (ECF No. 2 ¶¶ 15-17; ECF No. 5 at 3-4.)

## II.   LEGAL STANDARD

A TRO is evaluated under the same standard applicable to preliminary injunctions. A movant must establish (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities favors relief; and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasizing that injunctive relief is an extraordinary remedy requiring a clear showing of entitlement).

The Third Circuit has clarified that likelihood of success and irreparable harm are gateway factors. If those factors are not satisfied, injunctive relief must be denied. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176–79 (3d Cir. 2017).

In the immigration context, preventing removal is an extraordinary remedy, and removal itself is not categorically irreparable harm. *Nken v. Holder*, 556 U.S. 418, 435 (2009) (holding that removal is not categorically irreparable harm for purposes of equitable relief; reaffirming traditional stay factors and recognizing the Government's strong interest in prompt execution of removal orders.)

## III.   DISCUSSION

### A. Jurisdictional Limits Under 8 U.S.C. § 1252

As a threshold matter, Congress has significantly limited district court jurisdiction over claims arising from removal proceedings and removal orders.

2

Section 1252(a)(5) provides that a petition for review filed with the appropriate court of appeals is the exclusive means for judicial review of an order of removal. 8 U.S.C. § 1252(a)(5).

Similarly, § 1252(b)(9) channels review of all questions of law and fact arising from removal proceedings into the petition-for-review process. The Supreme Court has described this provision as a "zipper clause" intended to consolidate review in the courts of appeals. *Jennings v. Rodriguez*, 583 U.S. 281, 316–17 (2018) (describing 8 U.S.C. § 1252(b)(9) as a broad channeling provision consolidating judicial review of claims arising from removal proceedings into the petition-for-review process, while recognizing limited habeas jurisdiction over certain detention claims).

Further, § 1252(g) strips courts of jurisdiction over claims arising from the Government's decision or action to commence proceedings, adjudicate cases, or execute removal orders. 8 U.S.C. § 1252(g); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999) (holding § 1252(g) applies to challenges to the execution of removal orders).

District courts retain limited habeas jurisdiction over detention-related challenges that are independent of challenges to the validity or execution of removal orders. *See Jennings*, 583 U.S. at 302. However, where a petitioner seeks to directly prevent execution of a removal order, such relief typically falls within the jurisdictional channeling provisions of § 1252.

Here, Petitioner does not merely challenge conditions or legality of detention. (ECF Nos. 2, 5.) Instead, Petitioner seeks an order preventing the Government from executing a final removal order. (ECF No. 2 at 2; ECF No. 5 ¶ 2.) Such relief arises from the Government's authority to execute a removal order and therefore falls squarely within § 1252(g). *See Reno*, 525 U.S. at 482–83.

Additionally, to the extent Petitioner's arguments depend on the validity, timing, or legal consequences of the removal order, those claims arise from removal proceedings and must be raised through a petition for review in the appropriate court of appeals under § 1252(a)(5) and (b)(9). *See Jennings*, 583 U.S. at 316–17.

Accordingly, to the extent Petitioner seeks relief that would directly prevent execution of a final removal order, this Court lacks jurisdiction to grant such relief.

B. **Likelihood of Success on the Merits**

Even assuming arguendo that jurisdiction existed to consider Petitioner's request to enjoin removal, Petitioner has not demonstrated a likelihood of success on the merits.

Petitioner does not dispute that he is subject to a final order of removal. (ECF No. 2 at 2, ECF No. 3, Ex. 1; ECF No. 5 ¶ 2.) Instead, Petitioner seeks to delay execution of that order based on humanitarian and derivative asylum considerations. (ECF No. 2 ¶¶ 15-17; ECF No. 5 at 3-4.) Petitioner does not identify statutory or constitutional authority requiring the Government to delay execution of a final removal order based solely on family hardship or derivative asylum expectations. (*See* ECF Nos. 2, 5.)

Derivative asylum eligibility is contingent upon the principal applicant obtaining relief and does not independently create a right to remain in the United States pending adjudication. Petitioner has not shown that execution of the removal order is legally prohibited under the circumstances presented.

C. **Irreparable Harm**

Petitioner also fails to demonstrate irreparable harm.

Petitioner asserts harm based on his spouse's cancer treatment, caregiving responsibilities, and potential derivative asylum consequences. (ECF No. 2 ¶¶ 15-17; ECF No. 5 at 3-4.) While

4

serious, the Supreme Court has held that removal does not automatically constitute irreparable injury. *Nken*, 556 U.S. at 435. The Court further recognized that removed individuals may continue pursuing judicial review and may obtain effective relief if successful. *Id*. Because Petitioner primarily identifies harms inherent in removal itself, irreparable injury has not been demonstrated.

### D. Balance of Equities and Public Interest

The Government maintains a strong interest in the prompt execution of final removal orders. *Nken*, 556 U.S. at 436. The public interest generally favors enforcement of final agency determinations absent a strong showing of illegality.

Petitioner has not made such a showing. Accordingly, these factors weigh against relief.

### IV. CONCLUSION

The Court lacks jurisdiction to enjoin execution of Petitioner's final removal order under 8 U.S.C. § 1252. Even if jurisdiction existed, Petitioner has not demonstrated likelihood of success on the merits or irreparable harm. Therefore, the Petition (ECF No. 2) and TRO (ECF No. 5) must be denied.

For the reasons set forth above,

**IT IS** on this 18th day of February, 2026,

**ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) and Petitioner's Emergency Motion for a Temporary Restraining Order (ECF No. 5) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon the parties and **CLOSE** this case.

**SO ORDERED.**

*/s/ Jamel K. Semper*  
**HON. JAMEL K. SEMPER**